STATE OF MAINE                              SUPERIOR COURT
Sagadahoc, ss.                              AMH - SAG - 4/5/2010


STATE OF MAINE

v.                                          Docket No. SAGSC-AP-09-005

JACOB ROVELLI

            Defendant

## ORDER

This case presents an appeal by a juvenile defendant from an adjudication of the West Bath District Court, sitting as the Juvenile Court, pursuant to 15 M.R.S. § 3402

### Background

In December 2008, the State charged the juvenile defendant, Jacob Rovelli, with seven juvenile offenses. The juvenile defendant denied all allegations, and the petition went to trial before Judge J. David Kennedy April 30, 2009. Judge Kennedy found Jacob Rovelli guilty of arson, burglary and misdemeanor criminal mischief, and acquitted him on the remaining counts. Jacob Rovelli filed a timely appeal, and the parties have filed briefs.

### Discussion

The sole issue on appeal is stated to be whether the State's evidence presented at trial was sufficient to support the convictions.[1] An appeal to the Superior Court from a juvenile adjudication of the District Court is on errors of law or abuses of discretion. *See* 15 M.R.S. § 3405(1). An appeal based on insufficiency of the evidence to support

---

[1] Jacob Rovelli's brief also appears to argue that the District Court found the juvenile defendant guilty under an incorrectly defined standard of proof. A review of the District Court's oral findings and conclusions does not support that suggestion. The District Court articulated the standard of proof as being "beyond a reasonable doubt", and defined the standard as requiring the factfinder to be "almost certainly sure, not certain, but certainly far beyond a probability" of a defendant's guilt. Transcript p. 192. There is no cognizable distinction between this phraseology and the Law Court's formulation to the effect that "before [a jury] may convict a defendant of a criminal offense the evidence must be sufficient to convince them of the defendant's guilt and that the degree of conviction which they must have is a conscientious belief that the charge is almost certainly true." State v. Estes, 418 A.2d 1108, 1115 (Me. 1980)

1

conviction is a valid ground for a juvenile appeal. *See State v. Joel H.*, 2000 ME 139, ¶13, 755 A.2d 520, 524.

In deciding an appeal based on insufficiency of evidence, the reviewing court must view "the evidence in the light most favorable to the State to determine whether the trier of fact rationally could have found beyond a reasonable doubt every element of the offense[s] charged." State v. Pierce, 2006 ME 75, ¶16, 899 A.2d 801, 804. "The fact-finder is permitted to draw all reasonable inferences from the evidence, and exclusively decides the weight to be given to the evidence and the credibility to be afforded to the witness." State v. Drewry, 2008 ME 76, P 32, 946 A.2d 981, 991 (quotation marks omitted).

Here, the evidence was sufficient to support the following findings, all of which were made by the District Court:

- That early in the morning of October 28, 2008, several acts of vandalism occurred in the vicinity of Oak Grove Avenue in Bath. These included automobile windshield smashed with a concrete plant pot taken from an adjacent cemetery; a smashed plate glass window of a Domino's pizza store, also broken with a cemetery plant pot; a fire intentionally set in a cemetery vault that had been broken into, and damage at a nearby school. The evidence also indicated that one of the windows at the pizza store had been opened after the screen was removed.

- A canine officer investigated the scene with a tracking dog, which led the officer from the scene of the vandalism to the door of the apartment where Jacob Rovelli lived. The officer concluded, based on her training and experience, that at least one of the culprits was associated with that apartment. The District Court admitted that the tracking evidence did not point to Jacob Rovelli specifically, but also that it narrowed the suspects to "a fairly small universe."

- The police found on the pizza store window a fresh fingerprint that proved to match one of Jacob Rovelli's fingerprints. The juvenile defendant submitted evidence that he was seen closing a window at the pizza store a week before, but District Court noted that the fingerprint tied to Jacob Rovelli was "fresh" and "conclusively places Jacob at the scene for the Domino's burglary and criminal mischief." Transcript at 193.

- With regard to the arson, the State presented the testimony of a witness to the effect that Jacob Rovelli had admitted being involved in the fire in the cemetery vault. Transcript p. 129-30.

The District Court acquitted the Juvenile Defendant of the school vandalism and damage to vehicle windows, but convicted him on the charges relating to the cemetery vault fire and the burglary and property damage at the building occupied by Domino's Pizza.

2

The primary argument in the appellant's brief is that his own exculpatory evidence—that he was seen asleep in his home at the time of the crimes and that he put his fingerprint on the Domino's window at another time, for example—raised a reasonable doubt as to his guilt. Had it been accepted on its face, that evidence admittedly could have raised a reasonable doubt as to his involvement in any of the crimes, but the District Court obviously did not view it as sufficient to raise a reasonable doubt as to guilt as to the three charges on which he was convicted.

The appellant's brief also suggests that the District Court's comment about the tracking narrowing the range of suspects to "a fairly small universe" demonstrates that the court in fact did have a reasonable doubt as to his guilt. However, that comment was directed only to the canine tracking evidence. The District Court clearly relied on other evidence in finding him guilty.

The appellant also points out that the witness who testified that Jacob Rovelli acknowledged being involved in setting the fire had made differing statements at different times. However, the District Court plainly found the witness's testimony credible. The District Court could also have decided that Jacob Rovelli's admitted involvement in the cemetery fire was also probative of his involvement in the concurrently caused property damage resulting from a cemetery pot being thrown into the Domino's Pizza window.

The District Court made it clear that it was not assuming that Jacob Rovelli was the sole, or even the primary, perpetrator of all of the crimes, but plainly found the State's evidence sufficient to prove guilt at least on an accomplice basis on three of the seven charges. Viewed in a light most favorable to the State, the evidence is sufficient to support the conclusion that the State proved the elements of arson, burglary and criminal mischief beyond a reasonable doubt.[2]

The District Court adjudication and judgment is affirmed. The appeal is denied.

Dated April 5, 2010

A. M. Horton
Justice, Superior Court

---

[2] The evidence on the burglary charge deserves further discussion. The burglary charge at Count 4 alleged burglary in "a structure of Domino's Pizza." The evidence did not indicate any illegal entry to the Domino's Pizza store itself. Transcript at p. 83. However, the State introduced evidence without objection that an illegal entry was made to vacant space at the rear of the same building. Thus, both parties appeared to treat Count 4 as encompassing the structure partly occupied by Domino's Pizza, not just the Domino's Pizza space within that structure.

3